IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01687-PAB

MANJINDER SINGH NAGPAL,

      Petitioner,

v.

TODD BLANCHE, in his official capacity as Acting Attorney General,
MARKWAYNE MULLIN, in his official capacity as Secretary of the
Department of Homeland Security,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his
official capacity,
U.S. DEPARTMENT OF HOMELAND SECURITY,
WARDEN OF DENVER CONTRACT DETENTION FACILITY, and
TODD M. LYONS, in his official capacity as acting director of US
Immigration and Customs Enforcement,

      Respondents.

---

**ORDER**

---

This matter comes before the Court on the petitioner Manjinder Singh Nagpal's

Petition for Habeas Corpus and Complaint for Injunctive and Declaratory Relief [Docket

No. 1].  Respondents filed a response.  Docket No. 8.

## I.  BACKGROUND[1]

Petitioner is a citizen of India.  Docket No. 1 at 2, ¶ 2.  On or about October 17,

2022, petitioner entered the United States without inspection.  *Id.*  On or about October

26, 2022, petitioner was released from custody on bond.  *Id.*, ¶ 3.  On or about March

25, 2026, petitioner was arrested by U.S. Immigration and Customs Enforcement

("ICE").  *Id.*, ¶ 4.  Petitioner is detained at the Denver Contract Detention Facility in

---

[1] The following facts are undisputed unless otherwise noted.

Aurora, Colorado. *Id.* On April 20, 2026, petitioner filed a Petitioner for Writ of Habeas Corpus. *See generally id.* Petitioner brings a claim for violation of 8 U.S.C. § 1226(a) (Count One); violation of bond regulations, 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 (Count Two); and violation of the due process clause of the Fifth Amendment of the United States Constitution (Count Three). *Id.* at 12-15. Among other forms of relief, petitioner asks that the Court order respondents to release petitioner or provide petitioner with a bond hearing. *See id*. at 16.

## II. ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225. *Id.* at 12, ¶¶ 36-37; Docket No. 8 at 2-4. Petitioner contends that § 1226 applies to his detention, rather than § 1225, because "§ 1226 applies to individuals who have not been admitted and entered without inspection" and are apprehended while in the interior of the country. *See* Docket No. 1 at 7-8, 9, ¶¶ 25, 28. Thus, petitioner contends that § 1226 applies and respondents must provide him with a bond hearing. *See id.* at 12, ¶ 36. Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are present in the United States without being admitted. Docket No. 8 at 2-4. Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention. *See id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings. *See, e.g.*, *Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16,

2026); *Gabriel-Morales v. Bondi*, No. 26-cv-00392-PAB, 2026 WL 415597, at *2 (D. Colo. Feb. 13, 2026).  Each time, the Court has ruled that the petitioner's detention is governed by § 1226.  *Id.*

Respondents identify no reasons why this case differs from the previous cases the Court has already ruled on.  *See generally* Docket No. 8.  The Court finds no distinguishing material facts between this case and *Alfaro Orellana v. Noem,* No. 25-cv-03976-PAB, 2025 WL 3706417 (D. Colo. Dec. 22, 2025).  Thus, the Court will grant the habeas petition for the same reasons it did in *Alfaro Orellana*.  Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a).[2]  The Court will grant the habeas petition on the § 1226 claim and will order respondents to provide petitioner with a bond hearing within seven days of the date of this order.[3]

---

[2] Because the Court will grant the habeas petition on the basis of Count One, it will not reach petitioner's remaining claims and requests for relief.  *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025) ("The Court will thus grant the Petition with respect to Petitioner's first claim.  Since the Court's ruling on the INA claim will afford Petitioner the entirety of the relief he seeks, the Court need not address Petitioner's remaining arguments.").  The Court will not consider petitioner's request for attorney's fees because petitioner fails to comply with the Local Rules of the District of Colorado.  *See* Docket No. 1 at 16, ¶ 8.  A motion for attorney's fees must be filed in accordance with D.C.COLO.LCivR 54.3.  *See* D.C.COLO.LCivR 54.3 ("Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit. . .  The Motion shall include . . . for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.").

[3] The Court finds that providing a bond hearing, rather than ordering petitioner's immediate release, is the proper remedy.  *See Loa Caballero*, 2025 WL 2977650, at *9 ("an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court").  Petitioner requests that the Court enjoin respondents from "re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where Respondents will have the burden to demonstrate a change in circumstances justifying

### III.  CONCLUSION

Therefore, it is

**ORDERED** that Manjinder Singh Nagpal's Petition for Habeas Corpus and Complaint for Injunctive and Declaratory Relief [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that, within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the government shall bear the burden of proving that petitioner's continued detention is justified.[4]  It is further

**ORDERED** that, within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED May 13, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

petitioner's re-detention."  Docket No. 1 at 16, ¶ 7.  Because petitioner has not clearly established the necessity of granting this injunctive relief, the Court declines to do so. *See Goldammer v. Fay*, 326 F.2d 268, 270 (10th Cir. 1964) ("Injunction is a drastic remedy to be exercised with caution, and should be granted only in cases where the necessity therefore is clearly established.").

[4] "[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing."  *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context").