IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01687-PAB

MANJINDER SINGH NAGPAL,

 Petitioner,

v.

TODD BLANCHE, in his official capacity as Acting Attorney General,
MARKWAYNE MULLIN, in his official capacity as Secretary of the
Department of Homeland Security,
U.S. DEPARTMENT OF HOMELAND SECURITY,
WARDEN OF DENVER CONTRACT DETENTION FACILITY, and
TODD M. LYONS, in his official capacity as acting director of US
Immigration and Customs Enforcement,

 Respondents.

---

**ORDER**

---

This matter comes before the Court on the respondents' Motion to Modify Court's May 13, 2026 Order [Docket No. 13] and petitioner Manjinder Singh Nagpal's Motion for Entry of Judgment and Immediate Release [Docket No. 15].  Respondents filed a response to petitioner's motion, Docket No. 18, and petitioner filed a reply.  Docket No. 19.

## I. BACKGROUND[1]

Petitioner is a citizen of India.  Docket No. 1 at 2, ¶ 2.  On or about October 17, 2022, petitioner entered the United States without inspection and was detained by the Department of Homeland Security.  *Id.*  On or about October 26, 2022, petitioner was released from custody on bond.  *Id.*, ¶ 3.  On or about March 25, 2026, petitioner was

---

[1] The following facts are undisputed unless otherwise noted.

arrested by U.S. Immigration and Customs Enforcement ("ICE"). *Id.*, ¶ 4. Petitioner is detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* On April 20, 2026, petitioner filed a Petition for Writ of Habeas Corpus. *See generally id.* On May 13, 2026, the Court granted the petition, ordering respondents to provide petitioner a bond hearing within seven days of the Court's order where "the government shall bear the burden of proving petitioner's continued detention is justified." Docket No. 9 at 4.

On May 21, 2026, petitioner filed a status report stating that respondents had yet to provide petitioner a bond hearing and that the deadline to do so, pursuant to the Court's May 13 Order, had passed. *See generally* Docket No. 10. On May 22, 2026, petitioner filed a second status report. Docket No. 12. Petitioner states that, after he filed his first status report, respondents scheduled a bond hearing with the immigration court. *Id.* at 2. The bond hearing was scheduled for 1:00 p.m. on May 21, 2026, but petitioner's counsel did not receive notice until less than an hour before the hearing. *Id.* at 2-3. The immigration judge denied petitioner release on bond. *See generally* Docket No. 12-3.

On May 22, 2026, respondents filed a motion asking the Court to extend the deadline for the bond hearing by one day. *See generally* Docket No. 13. On June 2, 2026, petitioner filed a motion seeking his immediate release on the basis that the bond hearing failed to comply with the Court's May 13 Order and that petitioner was deprived of a meaningful opportunity to prepare for the bond hearing. *See* Docket No. 15 at 2.

## II. ANALYSIS

The Court first considers respondents' motion to extend the deadline for the bond hearing. *See* Docket No. 13. Respondents state that they contacted Immigration and Customs Enforcement ("ICE"), informed ICE of the Court's May 13 Order, and

2

"understood that the agency would provide Petitioner with a bond hearing no later than May 20, 2026." *Id.* at 2, ¶ 2.  Respondents learned that petitioner had not received a bond hearing when petitioner filed his first status report. *Id.*, ¶ 3.  Respondents immediately contacted ICE and requested a bond hearing for petitioner. *Id.*, ¶ 4.

Federal Rule of Civil Procedure 6(b) states that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  In analyzing whether the movant has demonstrated "excusable neglect" under Rule 6, the court considers four factors: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017).

Petitioner argues that he was prejudiced because he received notice of the hearing less than one hour before it was scheduled.  *See* Docket No. 15 at 4.  Petitioner contends that he had "virtually no opportunity to gather supporting documentation, prepare testimony, organize evidence, consult with counsel, or respond to issues raised by the Government."  *See id.*  However, petitioner requested a bond hearing in his petition and petitioner knew as of the Court's May 13 Order that a bond hearing was imminent.  Thus, petitioner was on notice of the need to prepare for a bond hearing. While petitioner contends that "prejudice was not theoretical" – as the bond hearing "involved concerns relating to Petitioner's address history and residence information" that petitioner's counsel did not have time to discuss with petitioner prior to the hearing – petitioner does not explain why he could not identify and address these issues before

3

May 22, 2026.  *See* Docket No. 19 at 5-6.  Petitioner requested a bond hearing, the Court granted one, and, therefore, petitioner was aware of the need to prepare for a bond hearing before May 22, including the need to confirm petitioner's address history and residence information.  Therefore, the Court finds that the prejudice factor weighs in favor of granting respondents an extension of time.  Furthermore, the length of the extension, one day, weighs in favor of granting the extension.  Respondents communicated to ICE the need for the bond hearing and did not realize the bond hearing had not occurred until petitioner filed his status report.  Upon learning this, respondents immediately scheduled the hearing.  Accordingly, the Court will grant respondents an extension of time pursuant to Rule 6(b).

Petitioner argues that the bond hearing failed to comply with the May 13 Order due to "the lack of adequate notice" that "substantially impaired his ability to prepare and present his case."  *See* Docket No. 15 at 4-5.  As discussed above, the Court finds that there was no prejudice to petitioner that would weigh in favor of denying respondents an extension of time to comply with the Court's May 13 Order.

Petitioner also argues that the bond hearing did not comply with the May 13 Order because "Respondents submitted only a Form I-213 that reflected Petitioner had no criminal history" and "presented no meaningful evidence that Petitioner posed a danger to the community or a flight risk warranting detention."  *Id.* at 5.  Petitioner's argument invites the Court to reweigh the evidence presented at the bond hearing to reach a decision contrary to the immigration judge.  Title 8 U.S.C. § 1226(e) prohibits this, stating that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."  8 U.S.C. § 1226(e).  Accordingly, the Court will deny

petitioner's motion for immediate release.  *See Tepehua-Tlapaltotoli v. Noem*, 2026 WL 766073, at *2 (D.N.M. Mar. 18, 2026) ("Nothing in the recording demonstrates that the IJ failed to apply that burden-shifting framework. . . .  This Court's jurisdiction does not extend to reweighing the IJ's bond determination once those procedures were followed.").

## III.  CONCLUSION

Therefore, it is

**ORDERED** that respondents' Motion to Modify Court's May 13, 2026 Order [Docket No. 13] is **GRANTED**.  It is further

**ORDERED** that petitioner Manjinder Singh Nagpal's Motion for Entry of Judgment and Immediate Release [Docket No. 15] is **DENIED**.  It is further

**ORDERED** that this case is closed.

DATED July 1, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge