IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01687-PAB

MANJINDER SINGH NAGPAL,

Petitioner,

v.

TODD BLANCHE, in his official capacity as Acting Attorney General, *et al.*,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner's Motion for Leave to Amend Habeas Petition [Docket No. 23], petitioner's Motion to Reopen and Vacate July 1st Order of Termination Pursuant to Fed. R. Civ. P. 60 (b)(1),(b)(2), (b)(3) and Rule 60(b)(6)[1] [Docket No. 24], and petitioner's Motion to Expedite Briefing Schedule [Docket No. 25]. Respondents have not filed a response to any of the motions, but petitioner represents that respondents oppose each of them. Docket No. 23 at 1; Docket No. 24 at 1; Docket No. 25 at 1.

## I. BACKGROUND

Petitioner is a citizen of India who entered the United States without inspection on or about October 17, 2022 and was released from custody on bond on or about

[1] Petitioner initially titled the motion: Motion to Reconsider and Vacate June 9th Order of Termination Pursuant to Fed. R. Civ. P. 60 (b)(1),(b)(2), (b)(3) and Rule 60(b)(6). Docket No. 24 at 1. However, petitioner filed a notice of errata correcting the title. Docket No. 26 at 1-2. The Court uses the corrected title when referring to Docket No. 24.

October 26, 2022. Docket No. 1 at 2, ¶¶ 2-3. On or about March 25, 2026, following a traffic stop in Wyoming, petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE"). *Id.*, ¶ 4; Docket No. 12-2 at 3. On April 20, 2026, petitioner filed a Verified Petition for Habeas Corpus and Complaint for Injunctive and Declaratory Relief. Docket No. 1. Petitioner raised three claims: (1) violation of 8 U.S.C. § 1226(a); (2) violation of bond regulations, 8 C.F.R. §§ 236.1, 1236.1, and 1003.19; and (3) violation of the Due Process Clause of the Fifth Amendment. *Id.* at 12-15. On May 13, 2026, the Court granted petitioner's habeas petition on his § 1226(a) claim and ordered respondents to provide petitioner with a bond hearing within seven days at which "the government shall bear the burden of proving that petitioner's continued detention is justified." Docket No. 9 at 3-4.

Respondents did not hold the hearing by the May 20, 2026 deadline. *See* Docket No. 10 at 2. On May 22, 2026, petitioner submitted a status report indicating that a bond hearing was held on May 21, 2026, that his counsel received less than one hour's notice of the hearing, and that the immigration judge ("IJ") denied bond. Docket No. 12 at 2-4. The IJ found that petitioner was not a danger to the community but that his release would present an unacceptable flight risk. Docket No. 12-3 at 2-3. On June 2, 2026, petitioner filed a Motion for Entry of Judgment and Immediate Release, arguing that respondents failed to comply with the Court's order and did not meet their burden at the bond hearing. Docket No. 15 at 3-5. On July 1, 2026, the Court granted respondents' motion to extend the deadline for the bond hearing to May 21, 2026, the day the hearing was held, and denied petitioner's Motion for Entry of Judgment and Immediate Release. Docket No. 20 at 5. With its order adhered to, the Court issued a

final judgment closing the case on July 2, 2026. Docket No. 22. Petitioner later moved the IJ for a new bond hearing, which the IJ denied because petitioner did not identify any changed circumstances. Docket No. 24 at 4.

On November 3, 2026, petitioner, through new counsel, filed the instant motion to reopen the case under Fed. R. Civ. P. 60(b)(1), (b)(2), (b)(3), and (b)(6). *See generally* Docket No. 24. He argues that the bond hearing did not comply with the Court's order and applied the incorrect legal standard. *Id.* at 3. He also asserts that he was not arrested pursuant to a valid warrant because he was arrested on March 25, 2026, but the Form I-200 Warrant for Arrest of Alien lists a date of service of March 26, 2026 (even though petitioner alleges that he was never served with said warrant). *Id.* at 4-7; Docket No. 24-1 at 5. Petitioner seeks to challenge the unlawful arrest warrant and warrantless arrest, "given the newly-discovered evidence thereof." Docket No. 24 at 5. Petitioner notes that, in the bond decision, the IJ failed to consider the warrantless arrest and improperly "made her flight risk determination based on the merits of the Petitioner's asylum claim" before his merits hearing. *Id.* at 10. He argues that 8 U.S.C. § 1226(e) does not strip the Court of jurisdiction to enforce its own order and asserts that his immediate release is warranted because the bond proceeding "brazenly flouted this Court's Order." *Id.* at 12-14. The same day, petitioner filed a motion for leave to amend his petition to add a claim that his warrantless arrest violated 8 U.S.C. § 1357(a)(2), Docket No. 23 at 2, ¶ 3, and a motion to expedite briefing on the motion to reopen. *See generally* Docket No. 25.

## II. LEGAL STANDARD

Rule 60(b) allows the Court to relieve a party from a final judgment in limited circumstances. Fed. R. Civ. P. 60(b). Relief after judgment is discretionary and only

appropriate for (1) "mistake, inadvertence, surprise, or excusable neglect;" (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);" (3) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." *Id.*

Because Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances," *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000), parties seeking such relief have a high burden to overcome. *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011). Although petitioner lists Rule 60(b)(1), (b)(2), (b)(3), and (b)(6) in the title of the motion to reopen, the substance of the motion focuses on allegedly "newly discovered evidence." *See generally* Docket No. 24. The Court will not craft arguments for a party, particularly those who are represented by counsel. *See Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that the court has no obligation to make arguments or perform research on behalf of litigants). Thus, the Court will consider whether the allegedly "newly discovered evidence" warrants relief under Rule 60(b)(2) and whether petitioner has otherwise shown the exceptional circumstances required by Rule 60(b)(6).

A party seeking relief from a judgment based on newly discovered evidence must show: (1) "the evidence [is] newly discovered since the [entry of the order]," (2) "the moving party was diligent in discovering the new evidence," (3) "the newly discovered evidence [is] not merely cumulative or impeaching," (4) "the newly discovered evidence

is material," and (5) "that a new trial with the newly discovered evidence would probably produce a different result." *Dronsejko*, 632 F.3d at 670.

"Rule 60(b)(6) relief is even more difficult to attain" than other Rule 60(b) grounds. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (citation omitted). Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice" to deny such relief. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996).

Outside of the Rule 60(b) context, the Court has the inherent authority to enforce its own judgments. *See Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026). When a court orders the government to provide a noncitizen with a bond hearing, the court may review whether the bond hearing "satisfied due process or otherwise suffered some defect that rendered it noncompliant with the Court's prior order." *Singh v. Baltasar*, No. 26-cv-01126-NYW-TPO, 2026 WL 2224796, at *2 (D. Colo. July 14, 2026) (internal quotation marks and citations omitted). Still, § 1226(e) "precludes an alien from challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (internal quotation marks, alteration, and citation omitted). The Court cannot reweigh the evidence or "serv[e] as an appellate court over [the] IJ's bond decision." *Quiroz Zacarias*, 2026 WL 1092162, at *3.

## III. ANALYSIS

Petitioner has not sufficiently identified any "newly discovered evidence" to justify Rule 60(b) relief as he cannot show that the allegedly improper warrant, and resulting

warrantless arrest, was "newly discovered since the [entry of the order]" or that he "was diligent in discovering the new evidence." *See Dronsejko*, 632 F.3d at 670. As petitioner states in his motion to reopen, "the arrest warrant in question was submitted to the immigration court . . . on March 27, 2026," which was almost a month before petitioner filed his habeas petition. Docket No. 24 at 4; *see generally* Docket No. 1. Moreover, the Form I-213 that the government submitted at the bond hearing, which petitioner filed in this case on May 22, 2026, more than a month before final judgment entered, lists the disposition of petitioner's arrest as "Warrant of Arrest/Notice to Appear." Docket No. 12-2 at 2; *see also* Docket No. 24 at 10 (petitioner identifying this reference). And the core of petitioner's "newly discovered evidence" – his statement that he was never shown or served with a warrant, *see* Docket No. 24-2 at 1 – concerns events within petitioner's personal knowledge from the day of his arrest. That petitioner's prior counsel did not raise the issue does not make the evidence newly discovered. This record shows that the evidence was available to petitioner before entry of judgment, such that he cannot show that the alleged defects in the warrant could not have been discovered with reasonable diligence. Fed. R. Civ. P. 60(b)(2).

Nor has petitioner identified the "exceptional circumstances" necessary to justify relief under Rule 60(b)(6). *Servants of the Paraclete*, 204 F.3d at 1009. Petitioner's main argument boils down to the contention that additional grounds discoverable at the time of, but not identified in, petitioner's petition would have entitled him to more robust relief. That explanation, however, is not exceptional.

Next, to the extent petitioner asks the Court to enforce its May 13 order, he has not identified any sufficient grounds for the Court to do so. Where respondents have

"complied with" the Court's order, a petitioner's "motion to enforce . . . lacks a basis for relief." *Pena-Gil v. Lyons*, No. 25-cv-03268-PAB-NRN, 2026 WL 25143, at *2 (D. Colo. Jan. 5, 2026). First, petitioner seemingly argues that the bond hearing did not comply with "the court's order requiring that the government meet its burden of proving, by clear and convincing evidence, that the petitioner was lawfully detained." Docket No. 24 at 3. While the Court's May 13 order directed respondents to hold a hearing, "where the government shall bear the burden of proving that petitioner's continued detention is justified," nothing in the order explicitly imposed a clear and convincing standard on the government. Docket No. 9 at 4. Thus, the Court cannot now enforce a clear and convincing standard when the operative order did not contain such language. Still, even if the clear and convincing standard was implied, *see L.G. v. Choate*, 744 F. Supp. 3d 1172, 1186 (D. Colo. 2024), petitioner has not sufficiently articulated how respondents failed to satisfy this burden.[2]

Second, to the extent petitioner challenges the IJ's failure to consider the improper warrant and warrantless arrest, petitioner invites the Court to reweigh the evidence presented at the bond hearing and reach a decision contrary to the IJ. This Court lacks jurisdiction to review a discretionary ruling by the IJ. *See* 8 U.S.C. § 1226(e). Likewise, petitioner's assertion that the IJ denied bond based on "an improper merits determination" of his asylum application, *see* Docket No. 24 at 10, cannot be reviewed by this Court. The Board of Immigration Appeals ("BIA") has long held that an IJ "has broad discretion in deciding the factors that he or she may consider

[2] The Court does not opine on whether the government met a clear and convincing burden at the bond hearing.

in custody redeterminations," *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006), and that the likelihood of whether a noncitizen will obtain relief from removal bears on his incentive to appear at future proceedings. *See Matter of Andrade*, 19 I. & N. Dec. 488, 490-91 (BIA 1987). Thus, the IJ's consideration of the perceived weakness of petitioner's asylum claim was not an improper consideration and the Court cannot reassess whether the IJ correctly weighed this factor. *See* 8 U.S.C. § 1226(e).

The Court also finds that it would not "offend[] justice," *Cashner*, 98 F.3d at 580, to deny petitioner's motion as other procedural mechanisms exist that could or could have granted petitioner the relief he seeks. First, petitioner could attempt to bring a successive habeas petition under 28 U.S.C. § 2241, which the Court would evaluate as to whether petitioner's arguments could have been presented earlier and, if so, whether failing to raise them amounted to an "abuse" of the writ. *See Stanko v. Davis*, 617 F.3d 1262, 1269-70 (10th Cir. 2010); 28 U.S.C. § 2244(a). Second, his denial of bond was appealable to the BIA. *See* 8 C.F.R. § 1003.19(f) (authorizing such appeals); *see also* Docket No. 12-3 at 3 (IJ order explaining that the parties had 30 days to appeal the bond decision).

Finally, petitioner's motion for leave to amend depends on the Court first reopening the case. *See generally* Docket No. 23. The Court entered final judgment in this case. Docket No. 22. "[O]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b)." *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (quoting *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir.

2005)). Because, as discussed, petitioner is not entitled to Rule 60(b) relief, the Court will deny the motion for leave to amend.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that petitioner's Motion to Reopen and Vacate July 1st Order of Termination Pursuant to Fed. R. Civ. P. 60 (b)(1),(b)(2), (b)(3) and Rule 60(b)(6) [Docket No. 24] is **DENIED**. It is further

**ORDERED** that petitioner's Motion for Leave to Amend Habeas Petition [Docket No. 23] is **DENIED**. It is further

**ORDERED** that petitioner's Motion to Expedite Briefing Schedule [Docket No. 25] is **DENIED as moot.**

DATED November 24, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge